# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**CHARLES CANADAY,**
**Claimant Below, Petitioner**

**FILED**
**February 2, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)     No. 22-ICA-170     (JCN: 2019026301)**

**JANE LEE ENTERPRISES,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Charles Canaday appeals the order of the Workers' Compensation Board of Review ("Board") dated September 23, 2022, that affirmed the claim administrator's decision dated August 26, 2021. Respondent Jane Lee Enterprises, Inc. ("Jane Lee") filed a timely response.[1] Mr. Canaday did not file a reply. The sole issue on appeal is whether the Board erred in affirming the claim administrator's order granting Mr. Canaday a 20% permanent partial disability ("PPD") due to occupational pneumoconiosis ("OP").

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 22, 2019, Mr. Canaday completed an Employee's Report of OP alleging that he had been exposed to hazards of dust during the course of and resulting from his employment in the coal mining industry, commencing in 1972, with his last date of exposure on January 28, 2019.[2] Abdul Mirza, M.D., at New River Health, completed the Physician's Report of OP, stating a diagnosis of coal worker's pneumoconiosis with impairment. In an accompanying x-ray report and International Labour Organization ("ILO") form dated December 4, 2018, Afzal Ahmed, M.D., indicated that he saw no

---

[1] Petitioner is represented by Reginald D. Henry, Esq. Respondent is represented by Mark J. Grigoraci, Esq.

[2] Mr. Canaday reported a forty-year exposure to the hazards of OP, although the dates provided show breaks in employment such that the sum number of years for exposure is, at most, thirty-three years.

1

pleural or parenchymal abnormalities necessary to establish a diagnosis of pneumoconiosis with profusion of 0/0. Dr. Ahmed diagnosed Mr. Canaday as suffering from chronic obstructive pulmonary disease. A pulmonary function study performed at New River Health on December 4, 2018, was interpreted by Daniel Doyle, M.D., as representing a moderate obstruction. The report noted Mr. Canaday was unable to undergo post-bronchodilator testing due to having tremors. By order dated December 20, 2019, the claim administrator held the claim compensable on a nonmedical basis for OP, subject to the presumption set forth in West Virginia Code § 23-4-8c(b) (2009).

On May 4, 2021, the Occupational Pneumoconiosis Board ("OP Board") examined Mr. Canaday. The OP Board found insufficient pulmonary parenchymal or pleural disease to establish a medical basis for a diagnosis for OP. However, due to Mr. Canaday's extensive history of occupational exposure, the OP Board found sufficient evidence to justify a diagnosis of OP, with 20% pulmonary function impairment attributable to the disease. The OP Board reviewed the pulmonary function study from New River Health dated December 4, 2018, and based its impairment findings on this study. Further, the OP Board reviewed Mr. Canaday's medical history which included a diagnosis of COPD in 2019, and a history of two myocardial infarctions. By order dated August 6, 2021, the claim administrator granted Mr. Canaday a 20% PPD award based on the OP Board's report dated May 4, 2021.

On January 19, 2022, the OP Board testified at the initial hearing before the Board. Jack L. Kinder, M.D., testified that the December 4, 2018, pulmonary function study from New River revealed a 60% overall impairment. However, he noted that the carboxyhemoglobin testing was elevated, suggesting that Mr. Canaday is a smoker. Dr. Kinder testified that Mr. Canaday's wheezing is associated with COPD, which is an obstructive, bronchospastic lung disease. Because the x-ray was negative for OP, Dr. Kinder contended that there were no clinical findings or factors that would change his mind on the amount of impairment attributable to OP. Johnsey L. Leef, M.D., the OP Board's radiologist, testified that the hyperinflation of the lungs was consistent with COPD, and there were no other pertinent findings. Bradley Henry, M.D., concurred with Drs. Leef and Kinder.

On August 17, 2022, the OP Board testified again at a final hearing before the Board. Dr. Leef repeated his testimony from the earlier hearing and noted no evidence of OP. Dr. Kinder expressed his disagreement with a pulmonary function study report in which George L. Zaldivar, M.D., attributed all of Mr. Canaday's impairment to COPD. Dr. Kinder noted that Dr. Zaldivar's study was consistent with a current smoking habit, and he opined that Mr. Canaday was a heavy smoker with a significant smoking history. Although Dr. Kinder felt that Mr. Canaday's pulmonary impairment was total, he concluded the OP presumption was rebutted except for the 20% impairment he could attribute to OP. In Dr. Kinder's opinion, the majority of the impairment was due to COPD. Dr. Henry concurred with Drs. Kinder and Leef.

On September 23, 2022, the Board issued an order affirming the claim administrator's order dated August 26, 2021, granting 20% PPD for OP, noting that Mr. Canaday and the Employer had protested this order. The Board found that the OP Board's decision was not clearly wrong in view of the reliable, probative, and substantial evidence. Mr. Canaday now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, No. 22-ICA-10, __ W. Va. __, __, __ S.E.2d __, __, 2022 WL 17546598, at *4 (Ct. App. 2022).

On appeal, Mr. Canaday argues that the Board's order was clearly wrong because it relied on the OP Board's determination that not all of his impairment was attributable to his occupational dust exposure. Mr. Canaday contends that the OP Board wrongfully failed to attribute more than 20% impairment to OP when he had forty-years of occupational dust exposure, his overall impairment was 60% and his diagnosis of COPD was made as recently as 2019. Further, Mr. Canaday asserts that, even if there were two conflicting causes of impairment, his position (i.e., that his impairment was entirely attributable to his occupational dust exposure) should have been adopted pursuant to West Virginia Code § 23-4-1g(a) (2003).[3] Finally, Mr. Canaday contends that the OP Board's findings were arbitrary and not based upon the reliable, probative, and substantial evidence of record.

_____

[3] In pertinent part, West Virginia Code § 23-4-1g(a) provides that "[i[f, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters

Upon our review, we find no error. Here, the OP Board properly considered and applied West Virginia Code § 23-4-8c(b) (2009), which provides that, where certain occupational dust exposure criteria are met and a chronic respiratory disability was sustained, it is presumed that the worker's respiratory disability arose out of his or her employment; however, the presumption is not conclusive.[4] In applying the presumption, the OP Board determined that Mr. Canaday's significant smoking history and COPD diagnosis rebutted a finding that all of his pulmonary impairment was attributable to OP. The OP Board properly based its findings on the reliable, probative, and substantial evidence of record.

Mr. Canaday's argument that the Board failed to apply West Virginia Code § 23-4-1g(a) is misplaced. In the present case, there is no medical opinion supportive of Mr. Canaday's position that all of his impairment was attributable to OP. The Board properly determined that Mr. Canaday's opinion and the medical opinion of the OP Board did not carry an equal amount of evidentiary weight. Pursuant to West Virginia Code § 23-4-6a (2005), the OP Board's determination of a claimant's degree of medical impairment is to be given great deference. *See Fenton Art Glass Co. v. West Virginia Off. of the Ins. Comm'r*, 222 W. Va. 420, 664 S.E.2d 761 (2008). Importantly, if the OP Board's decision is not found to be "clearly wrong in view of the reliable, probative, and substantial evidence on the whole record," then pursuant to West Virginia Code § 23-4-6a it must be affirmed.

Here, the OP Board testified and explained in detail how it considered its examination findings of Mr. Canaday, his smoking history, his occupational dust exposure history, the X-ray findings, etc., and determined there was no more than 20% impairment related to OP. The Board did not find that the OP Board was clearly wrong. Thus, the Board could not have found all of Mr. Canaday's impairment to be attributable to his OP.

Accordingly, we affirm the Board's September 23, 2022, order.

Affirmed.

**ISSUED:** February 2, 2023

---

for resolution, the resolution that is most consistent with the claimant's position will be adopted."

[4] We note that the Board's order should have acknowledged that Mr. Canaday's claim was subject to the nonconclusive presumption set forth in W. Va. Code § 23-4-8c(b) and that the OP Board found the presumption was rebutted up to 20% impairment.

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen